J-S34010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JERLION THORPE | |
| Appellant | No. 1938 EDA 2016 |

Appeal from the PCRA Order May 20, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0604861-2001

BEFORE: BOWES, SOLANO, AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:         **FILED JULY 14, 2017**

Jerlion Thorpe appeals from the order denying his PCRA petition as untimely. We affirm.

We previously set forth the facts underlying Appellant's convictions as follows.

> Appellant is the biological father of the victim, A.G., who was born on August 8, 1986. The victim testified at trial regarding multiple acts of sexual abuse Appellant committed upon her from 1999 until 2001. The victim recounted that the abuse began when she was twelve years old and took place when she visited Appellant on the weekends at his home located on 42nd Street in Philadelphia. There, Appellant would show the victim pornographic movies. He would then touch her breasts under her clothing and rub his penis against her vagina. She also testified that Appellant would put his penis between the lips of her vagina but not fully into her vagina. Appellant also rubbed his penis against her buttocks. Appellant also told the victim that if she ever told anyone about the abuse her mother would go to jail. Subsequently, Appellant moved in with the victim and her

* Retired Senior Judge specially assigned to the Superior Court.

mother at their home on 740 South 15th Street. The victim revealed that the abuse continued. However, it occurred less than once a week.

Later, Appellant moved out of the home on 15th Street to a residence located at 3912 Howland Street. The victim would visit Appellant there on the weekends. The victim testified that Appellant abused her during these visits. She also recalled that one time Appellant put his penis into her mouth. The victim also testified that she would rub Appellant's back while he was naked and that he would rub her back while straddled on top of her. He would then ejaculate on her back and lick the sperm off of her.

Appellant and her brother later moved into Appellant's home on Howland Street. The abuse continued there. The victim tried to avoid the abuse by inviting friends over or staying overnight at a friend's house. The victim testified that she never told her mother what was happening because she was afraid of what her mother might do to Appellant. In April of 2001, the victim told her mentor, Sandy Short, about the abuse. The victim spoke with DHS and Detective Dave Thomas of the Special Victims Unit about the abuse. The victim also told Detective Thomas that she kept a diary at her mother's home. One entry, which the victim had scribbled out, was written in February 2000. This entry was made following an occasion in which Appellant forbid the victim to go to a friend's house because he felt that he and the victim did not spend enough "quality" time together. The entry read, "When he tried to touch me before. F--k a quality time, you pervert." The victim testified that she wondered why Appellant would say anything about quality time when he was abusing her.

*Commonwealth v. Thorpe*, 911 A.2d 187 (Pa.Super. 2006) (unpublished memorandum), at 2-3.

Appellant was charged with a litany of sexual crimes and proceeded to a bench trial, after which he was convicted of sexual assault, incest, indecent assault, endangering welfare of children, and corruption of minors. He was sentenced to an aggregate term of seven to fourteen years incarceration.

- 2 -

Following our decision on direct appeal, Appellant sought review with our Supreme Court, which denied his petition on February 28, 2007. *Commonwealth v. Thorpe*, 918 A.2d 745 (Pa.Super. 2007). Appellant did not seek review with the United States Supreme Court.

Thereafter, Appellant unsuccessfully sought PCRA relief, and we affirmed on appeal. *Commonwealth v. Thorpe*, 83 A.3d 1071 (Pa.Super. 2013). The instant petition was filed on August 3, 2015. The PCRA court issued a notice of intent to dismiss, and, on May 20, 2016, dismissed the petition as untimely. Appellant and the PCRA court complied with Pa.R.A.P. 1925, and the matter is ready for our review. Appellant presents two issues for our consideration.

> 1. Where Appellant has been determined to have been entitled to a first petition on prior petitions and becomes eligible to file another petition based upon newly discovered and or declared newly discovered evidence is he entitled as a matter of due process to first petition status on such petition entitled to a hearing and counsel?
>
> 2. May the Commonwealth legislature suspend the state and or constitutional *habeas corpus* constitutional provisions?

Appellant's brief at 4.

It is well-settled that all PCRA petitions must be filed within one year of the date a defendant's judgment of sentence becomes final, unless an exception applies. 42 Pa.C.S. § 9545(b)(1). The time-bar is jurisdictional in nature; therefore, "when a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition." *Commonwealth v.*

*Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) (citation and quotation marks omitted). Timeliness presents a question of law, which we review *de novo* and our scope of review is plenary. ***Commonwealth v. Hudson***, 156 A.3d 1194, 1197 (Pa.Super. 2017).

Appellant's conviction became final when his time period for seeking review with the United States Supreme Court expired, 42 Pa.C.S. § 9545(b)(3), which was ninety days after our Supreme Court denied his petition for allowance of appeal. U.S.Sup.Ct.R. 13(1). Thus, his sentence became final on May 29, 2007. Accordingly, the present petition was patently untimely unless one of the PCRA exceptions applied.

Herein, Appellant invoked § 9545(b)(1)(iii), which applies when a new constitutional right has been recognized to apply retroactively by either the Supreme Court of Pennsylvania or the United States. Appellant's petition cited ***Commonwealth v. Hopkins***, 117 A.3d 247 (Pa. 2015), which applied ***Alleyne v. United States***, 133 S.Ct. 2151 (2013) (jury must find beyond a reasonable doubt any facts that increase a mandatory minimum sentence). ***Hopkins*** determined that this Commonwealth's mandatory sentencing statutes were not severable from the portions that are unconstitutional post-***Alleyne***. The PCRA court dismissed the petition, finding that ***Hopkins/Alleyne*** did not satisfy the exception.

On appeal, Appellant's argument assailing that conclusion is confusing and unclear. Neither of his appellate issues directly mentions any exception

to the time-bar; instead, Appellant broadly asserts that Pennsylvania's entire collateral relief scheme is unconstitutional, in that (1) it violates due process by imposing a time limitation in which to seek collateral relief, and (2) the legislature lacked the authority to eliminate the writ of *habeas corpus* by enacting the PCRA and its attendant statutory requirements. He also maintains that, since he was entitled to have the PCRA court hear the issue on the merits, he was entitled to counsel as well.

We first note that the PCRA court correctly determined that the actual exception pled in the petition did not create jurisdiction. ***See Commonwealth v. Washington***, 142 A.3d 810 (Pa. 2016) (***Alleyne*** does not satisfy the § 9545(b)(1)(iii) exception). Therefore, the PCRA court correctly dismissed the petition.[1]

To the extent Appellant now seeks to invoke alternative theories on appeal justifying our consideration of the merits of his claims, those have been waived. "[E]xceptions to the time bar must be pled in the PCRA petition, and may not be raised for the first time on appeal." ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa.Super. 2007); ***see also*** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are

---

[1] Additionally, it is unclear if Appellant was actually sentenced to a mandatory minimum sentence; he claims his "**conviction** was unconstitutional under ***Alleyne***[.]" Appellant's brief at 5 (emphasis added). ***Alleyne*** has to do with sentences, not convictions.

waived and cannot be raised for the first time on appeal). Therefore, his challenges to the collateral relief statutory scheme have been waived.

Regardless, we note that, even if Appellant had properly presented and preserved his constitutional claims, his precise arguments have been rejected. **Commonwealth v. Peterkin**, 722 A.2d 638 (Pa. 1998) (one-year period satisfies due process as it affords enough time to prepare petition, and the PCRA contains exceptions for misconduct, newly-discovered facts, and constitutional changes).

Additionally, the significance of the one-year time limit with respect to his claim is unexplained, as **Alleyne** simply does not apply to him in any event. Appellant has overlooked the dividing line between convictions that were pending on direct review when a new constitutional rule of criminal procedure has been announced, and those whose convictions were final when the rule was announced. "[A] new constitutional rule of criminal procedure does not apply, as a general matter, to convictions that were final when the new rule was announced." **Louisiana v. Montgomery**, 136 S.Ct. 718 (2016). Finality is the key dividing line, and therefore even timely PCRA petitioners are not entitled to **Alleyne**'s application. **Commonwealth v. Ciccone**, 152 A.3d 1004 (Pa.Super. 2016) (*en banc*).

Thus, Appellant's real objection has nothing to do with a limitation on the ability to seek collateral relief but with the fact that his conviction was final when **Alleyne** was issued. States are required to give retroactive effect

only to new substantive rules. **Montgomery**, **supra** at 729 ("The Court now holds that when a new substantive rule of constitutional law controls the outcome of a case, the Constitution requires state collateral review courts to give retroactive effect to that rule."). The word "substantive" has a particular meaning in this context and **Alleyne** does not fall within its definition. **Washington**, **supra**. Accordingly, Appellant's challenges are misplaced.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/14/2017